**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Glass, | No. CV-19-04883-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Christopher Robinson, | |
| Defendant. | |

Before the Court are two motions in limine submitted by Plaintiff (Docs. 75, 76) and one motion in limine submitted by Defendant (Doc. 77).  Plaintiff asks the Court to exclude, pursuant to Federal Rules of Evidence ("FRE") 401-403, "any evidence or testimony at trial suggesting that Plaintiff was being investigated for a DUI or had committed a DUI (including Plaintiff's DUI conviction)" (Doc. 75 at 1-3) and, pursuant to FRE 602, to preclude Defendant from "speculat[ing] as to Plaintiff's intent when she was attempting to pull free from Defendant's grasp."  (Doc. 76 at 1).  Defendant opposes these motions in limine.  (Docs. 87, 88).  Defendant asks the Court to exclude several opinions offered by Plaintiff's expert, Jesse M. Torrez, in his initial expert report and rebuttal report because the opinions are no longer relevant.  (Doc. 77).

The Court will grant in part Plaintiff's request to exclude evidence regarding her DUI conviction (Doc. 75) and deny Plaintiff's motion to preclude defendant from speculating as to Plaintiff's intent (Doc. 76).  Regarding Defendant's motion in limine (Doc. 77), Plaintiff will be required to submit a statement by 9 a.m. on August 2, 2022

1   indicating which opinions of Jesse M. Torrez would be admissible at trial in light of this

2   Order.   If Defendant chooses to respond to this statement, the response must be filed no

3   later than 5 p.m. on August 2.

4        The parties will further be required to jointly submit a statement indicating how time

5   will be allocated at trial for each party and each stage of trial.

6                              **LEGAL STANDARD**

7        "A motion in limine is a procedural mechanism to limit in advance testimony or

8   evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.

9   2009).  Courts generally "will grant a motion in limine and exclude evidence only if the

10  evidence is 'inadmissible on all potential grounds.'" *Frost v. BNSF Ry. Corp.*, 218

11  F.Supp.3d 1122, 1133 (D. Mont. 2016) (citation omitted); *McConnell v. Wal-Mart Stores,*

12  *Inc.*, 995 F.Supp.2d 1164, 1167 (D. Nev. 2014); *Ind. Ins. Co. v. Gen. Elec. Co.*, 326

13  F.Supp.2d 844, 846 (N.D. Ohio 2004). "However, in limine rulings are not binding on the

14  trial judge, and the judge may always change [her] mind during the course of trial."

15  *Ohler v. United States*, 529 U.S. 753, 758 (2000) (italics omitted).

16                                **ANALYSIS**

17  **I.      Plaintiff's First Motion in Limine**

18       Plaintiff asks the Court to exclude at trial "any evidence or testimony at trial

19  suggesting that Plaintiff was being investigated for a DUI or had committed a DUI

20  (including Plaintiff's DUI conviction)." (Doc. 75 at 1).  Plaintiff argues such evidence or

21  testimony would be irrelevant and prejudicial such that the evidence would not be

22  admissible pursuant to FRE 401, 402, and 403.  (Doc. 75 at 2-3).

23       Only relevant evidence is admissible. *See* Fed. R. Evid. 401-02.  Even if evidence

24  is relevant, it may nevertheless be excluded pursuant to FRE 403 if probative value is

25  substantially outweighed by the risk of undue prejudice, confusion, or wasting time. *See*

26  Fed. R. Evid. 403.  District courts are "accorded a wide discretion in determining the

27  admissibility of evidence under the Federal Rules.  Assessing the probative value of

28  [evidence], and weighing any factors counseling against admissibility is a matter first for

                                    - 2 -

1    the district court's sound judgment under Rules 401 and 403." *United States v. Abel*, 469

2    U.S. 45, 54 (1984).

3         The Court will not exclude all evidence and testimony suggesting that Plaintiff was

4    being investigated for a DUI.  At summary judgment, the Court emphasized that the facts

5    relevant to the use of force in this case are those that Robinson was aware of during his

6    interaction with Glass.  (Doc. 69 at 4-5).  At the time of his interaction with Glass, Robinson

7    was aware of circumstances giving rise to "reasonable suspicion Glass had committed . . .

8    DUI."  (Doc. 69 at 5).  Evidence regarding what Robinson knew may be admissible at trial

9    to explain the degree of force used by Robinson in detaining and arresting Glass.

10        However, at the time of the incident, Robinson could not have known that Glass

11   would plead guilty or be convicted of driving under the influence.  Unless Glass first opens

12   the door to such evidence or testimony, evidence or testimony regarding Glass's later

13   conviction or guilty plea will be excluded because it is not relevant to establishing whether

14   Robinson's use of force against Glass was unconstitutionally unreasonable.

15        Plaintiff's first motion in limine (Doc. 75) will thus be granted in part.

16   **II.     Plaintiff's Second Motion in Limine**

17        Plaintiff also asks the Court to "preclude Officer Robinson, and any other defense

18   witness, from testifying regarding allegations that Samantha [Glass] intended to elbow

19   [Robinson] in the face" on the ground that Robinson would not have personal knowledge

20   of Glass's intent.  (Doc. 76 at 2).  Defendant responds, "Robinson will not testify that he

21   knew what Plaintiff's intent was when she raised her right elbow just prior to his use of the

22   leg sweep.  Rather, Officer Robinson will testify that it *appeared to him* that she was trying

23   to strike him."  (Doc. 88 at 1) (emphasis in original).

24        This motion in limine (Doc. 76) will be denied.  FRE 602 (personal knowledge) and

25   FRE 701 (opinion testimony of a lay witness) permit a witness to present evidence or

26   testimony regarding his or her own perceptions.  *See* Fed. R. Evid. 602, 701.  While

27   Defendant may not testify to what Plaintiff's intent was because he could not have known

28   what she was actually thinking, Defendant has personal knowledge of his own perceptions

1    during the interaction with Plaintiff and may testify to opinions rationally based on that
2    perception. *United States v. Wirtz*, 357 F.Supp.2d 1164, 1169 (D. Minn. 2005) ("[P]ersonal
3    knowledge can include 'inferences and opinions, as long as they are grounded in personal
4    observations and experience.'") (quoting *United States v. Rodriguez*, 162 F.3d 135, 144
5    (1st Cir. 1998)).  Thus, there are circumstances in which the evidence would be admissible
6    and an in limine ruling is not warranted. *See Frost*, 218 F.Supp.3d at 1133.

7        **III.    Defendant's Motion in Limine**

8        Defendant seeks to exclude several opinions offered by one of Plaintiff's experts,
9    Jesse M. Torrez, in his initial and rebuttal expert reports regarding the initial interactions
10   between Plaintiff and Defendant on the grounds that the opinions offered are irrelevant and
11   not admissible within the meaning of FRE 702.  (Doc. 77). Under FRE 702, qualified expert
12   witnesses may offer opinion testimony if the expert's specialized knowledge will help the
13   jury, the testimony is based on sufficient facts, and is the product of reliable principles or
14   methods that have been reliably applied.  Fed. R. Evid. 702; *see also Daubert v. Merrell
15   Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S.
16   137 (1999).

17       Defendant contends that the opinions are not relevant and will not help the jury
18   because they "all pertain to the way Officer Robinson *initially* interacted with Plaintiff."
19   (Doc. 77 at 7) (emphasis added).   Defendant claims all issues pertaining to Officer
20   Robinson's initial interaction with Plaintiff have already been resolved because "Plaintiff
21   already conceded that she 'does not challenge any element of her conviction for 'Failure
22   to Obey an Officer,' and the Court already found that Officer Robinson had reasonable
23   suspicion that Plaintiff had committed one or more crimes and . . . was permitted to use
24   some force."  (Doc. 77 at 7).  Plaintiff responds that an in limine ruling is not warranted on
25   this basis because alternative less-intrusive uses of force that a Defendant did not take may
26   be considered in the context of the *Graham v. Connor*, 490 U.S. 386, 396 (1989) analysis.[1]

27   _____

[1] The non-exhaustive list of *Graham* factors include: "(1) the severity of the crime at issue,
28   (2) whether the suspect posed an immediate threat to the safety of the officers or others,
     and (3) whether the suspect actively resisted arrest or attempted to escape."  *George v.
     Morris*, 736 F.3d 829, 837 (9th Cir. 2013) (citation omitted).

(Doc. 90 at 2) ("When assessing the officer's conduct a court must examine 'the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case' . . . Other relevant factors may include the availability of less intrusive force, [or] whether proper warnings were given.") (quoting *Hughes v. Kisela*, 862 F.3d 775, 779-80 (9th Cir. 2016), *rev'd on other grounds*, 138 S.Ct. 1148 (2018)) (internal quotation marks omitted); *Bryan v. MacPherson*, 630 F.3d 805, 831 (9th Cir. 2010).

Defendant is correct that the narrow issue in this case is solely whether the force Defendant used was reasonable. Accordingly, Defendant correctly notes: "The jury must decide only whether—under the circumstances as they existed at that moment—the particular takedown move Officer Robinson used (i.e., the leg sweep) was objectively reasonable (which may include disclosed opinions as to alternative methods to gain control of Plaintiff once she began resisting)." (Doc. 77 at 8). However, the Court cannot determine solely based on Defendant's motion in limine and the response thereto whether the opinions offered by Plaintiff's expert fits within this testimony.

Therefore, by 9 a.m. on Tuesday, August 2, Plaintiff will be required to file a statement indicating which portions of Torrez's opinions relate to whether the leg sweep was objectively reasonable, or relate to alternative methods of gaining control of Plaintiff once she began resisting. The statement should explain why the opinions of Torrez are admissible with reference to the applicable standard found at FRE 702. If Defendant chooses to file a response, the response will be due by 5 p.m. on August 2. The parties shall arrive at the Final Pretrial Conference set for August 3 prepared to discuss this issue.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine Regarding DUI (Doc. 75) will be granted in part and denied in part and Plaintiff's Motion in Limine Regarding Defendant's Speculation re Plaintiff's Intent (Doc. 76) will be denied.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion in Limine Regarding DUI (Doc. 75) is **GRANTED IN PART** and **DENIED IN PART** to the extent set forth in this Order.

**IT IS FURTHER ORDERED** Plaintiff's Motion in Limine Regarding Defendant's Speculation re Plaintiff's Intent (Doc. 76) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff shall file a statement indicating which portions of Torrez's opinions relate to whether the leg sweep was objectively reasonable, or relate to alternative methods of gaining control of Plaintiff once she began resisting no later than **9 a.m. on August 2, 2022**. Defendant may respond, but is not required to do so. If Defendant chooses to respond, the response must be filed no later than **5 p.m. on August 2**.

**IT IS FURTHER ORDERED** no later than **August 2, 2022**, the parties shall submit a joint statement indicating how much time will allocated per party for each stage of trial.

Dated this 29th day of July, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge